**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**CYNTHIA LYNN FOOS,** )
)
**Petitioner,** )
)
**v.** ) **Case No. 13-CV-403-TCK-PJC**
)
)
**DEBBIE ALDRIDGE, Warden,**[1] )
)
**Respondent.** )

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), filed by Petitioner, a state inmate appearing pro se. Respondent filed a response to the petition and provided the state court records necessary for adjudication of Petitioner's claims (Dkt. # 5). Petitioner filed a reply (Dkt. # 6). For the reasons discussed below, the petition shall be denied.

***BACKGROUND***

The record demonstrates that, on March 15, 2011, Petitioner, appearing with her court-appointed attorney, Christopher Brecht, signed a Plea of Guilty Summary Facts form and pled guilty to Unlawful Possession of a Controlled Drug (Count 1) and Unlawful Possession of Drug Paraphernalia (Count 2), in Tulsa County District Court, Case No. CF-2011-345. See Dkt. ## 5-1, 5-4. Petitioner was not sentenced at that time due to an on-going criminal proceeding against her

---

1 When Petitioner filed her petition, she was in federal custody. However, Petitioner is presently in custody at Mabel Bassett Correctional Center, located in McLoud, Oklahoma, where Debbie Aldridge is Warden. Therefore, the proper respondent is now Debbie Aldridge, Warden. For that reason, Debbie Aldridge, Warden, is substituted as party respondent in place of Julie A. Nicklin, Warden, and the Attorney General of the State of Oklahoma is dismissed. The Clerk of Court shall note these changes on the record.

in this federal court, N.D. Okla. Case No. 10-CR-919-GKF.[2] On January 19, 2012, after conclusion of her federal criminal proceeding, Petitioner appeared in her state court proceeding with her court-appointed attorney David Phillips. See Dkt. # 5-4. At that time, the state district court judge accepted Petitioner's guilty plea and sentenced her to five (5) years imprisonment on Count 1 and one (1) year in the county jail on Count 2, with the sentences to be served concurrently with each other but consecutive to Petitioner's federal sentence, entered in N.D. Okla. Case No. 10-CR-191-GKF. See id. at 5. Despite being advised of her right to appeal and the steps required to appeal from her guilty plea proceedings, see id. at 6, Petitioner did not move to withdraw her guilty plea and did not perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA).

On November 27, 2012, Petitioner filed a pro se application for post-conviction relief. See Dkt. # 6 at 6-19. In her application, Petitioner raised the following three claims: (1) ineffective assistance of counsel, (2) "coerced and involuntary guilty plea, coercion-threat and intimidation," and (3) "breach in plea agreement." See id. at 7-9. By order filed January 2, 2013, the state district judge denied the requested relief (Dkt. # 5-1). Petitioner perfected a post-conviction appeal (Dkt. # 5-2). By Order filed June 5, 2013 (Dkt. # 5-3), the OCCA affirmed the denial of post-conviction relief.

---

[2] The record for Petitioner's federal case demonstrates that, on May 3, 2011, Petitioner pled guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime. See N.D. Okla. Case No. 10-CR-191-GKF, Dkt. # 22. On that same date, Petitioner signed a plea agreement acknowledging that "under 18 U.S.C. § 924(c)(1)(A)(i), she may be punished by imprisonment of a mandatory minimum five (5) years imprisonment up to life imprisonment, and/or a fine of not more then $250,000. The defendant understands that her sentence must run CONSECUTIVELY to any other term of imprisonment." Id., Dkt. # 23 at 9. Thereafter, on August 11, 2011, Petitioner was sentenced to 60 months in custody of the Bureau of Prisons, to be followed by supervised release for a term of five (5) years. Id., Dkt. # 29.

Petitioner filed her federal habeas corpus petition on July 8, 2013 (Dkt. # 1). In her petition, Petitioner identifies three (3) grounds for relief, as follows:

> Ground 1: Ineffective assistance of counsel.
> Original public defender assigned, Mr. Christopher Brecht, advised petitioner to enter guilty plea in exchange for an agreement with the State to serve sentence concurrently with pending federal sentencing. Petitioner explained I wasn't guilty of Ct. 1, but counsel Brecht told me it would be my word against Special Investigations Division Ofc. word. If I went to trial it would be 6 to life. Then after I plead guilty on 3-15-11, I was abandoned by counsel.
>
> Ground 2: Coerced – Involuntary guilty plea.
> Original plea of guilty advised by Mr. Brecht or risk getting possible life sentence. Plea was entered with Mr. Brecht, in front of Judge Youll on 3-15-11, as signed on plea of guilty. This is the only signed document showing original plea agreement, and it was altered throughout the form original agreement scratched out. Petitioner was only willing to plead guilty for concurrent sentence. PC-2013-105 brief.
>
> Ground 3: Breach in plea agreement.
> The original plea agreement, that was negotiated between Mr. Brecht, and the prosecutor, was that the 5 year sentence on CF-2011-345 would run concurrently with the time I would be given in Federal Court. This is why I decided to plead guilty then, in reality I was not going to have to serve any extra time on this case if the original plea agreement had been honored. . . .

(Dkt. # 1). In response to the petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) as to Ground 1, and that Grounds 2 and 3 are procedurally barred. (Dkt. # 5).

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner

fairly presented the substance of Grounds 1, 2, and 3 to the OCCA on post-conviction appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In affirming the district court's denial of post-conviction relief, the OCCA adjudicated the issue raised in Ground 1 of the habeas petition. Thus, this Court shall review that ground under § 2254(d).

As her first ground of error, Petitioner claims that her court-appointed attorney, Christopher Brecht, provided ineffective assistance. See Dkt. # 1 at 4. Specifically, Petitioner complains that Mr. Brecht, advised her that she faced a sentencing range of six years to life imprisonment if she went to trial and urged her to plead guilty, even though she asserted her innocence at to Count 1, and that her state sentence could possibly run concurrently with her not-yet-entered federal sentence. Id. at 4-5. She also alleges that Brecht "abandoned" her between entry of her guilty plea and her sentencing, more than ten months later. Id. at 5. In rejecting this claim on post-conviction appeal, the OCCA summarized the procedural background of the case and ruled as follows:

> Foos argues that the State delayed her sentencing hearing until after she was sentenced in her federal case in August 2011. At the time her state sentencing hearing was conducted (January 2012) she was no longer represented by her original trial counsel. Foos alleges that she was unable to effectively communicate the terms of the original agreement to replacement counsel, and that the sentence imposed on January 19, 2012 was not the one she originally agreed to with the State. Foos does not seek to withdraw her plea. Rather, she seeks enforcement of what she alleges was the "original" plea agreement which specified that her sentences in Case No. CF-2011-345 were to run concurrently with the sentence in her federal case, and requests modification of her sentences in Case No. CF-2011-345 to reflect the same.
>
> . . . .
>
> Foos's self-serving statements as to the plea agreement signed and executed by her are insufficient to support her claims that the executed plea agreement was not what she agreed to and was not the agreement represented by the State. Furthermore, there is no credible evidence presented in this record supporting Foos's claim that she was coerced or intimidated into entering a plea in this matter.
>
> Claims of ineffective assistance of counsel are reviewed under the two-part test mandated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Smith v. Robbins*, 528 U.S. 259, 285, 289, 120 S. Ct. 746, 764, 766, 145 L. Ed. 2d 756 (2000); *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). The *Strickland* test requires an appellant to show: (1) that counsel's performance was constitutionally deficient; and (2) that counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This Court begins its analysis with the strong presumption that counsel's'

> conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Petitioner must show that counsel's performance was deficient and that the deficiency prejudiced her. Foos has failed to present sufficient facts to show that her representation at trial was deficient or that the result in her case would have been different but for trial counsel's alleged ineffective assistance.

(Dkt. # 5-3 at 4-5).

Petitioner is not entitled to habeas corpus relief on her claim of ineffective assistance of counsel unless she demonstrates that the OCCA unreasonably applied clearly established federal law, as determined by the Supreme Court. Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th

Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential. " Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. In accordance with Strickland, a defendant raising a claim of ineffective assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court explained in Hill:

> [i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59 (citations and footnote omitted).

"It is beyond dispute that a guilty plea must be both knowing and voluntary. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Parke v. Raley, 506 U.S. 20, 28-29 (1992) (internal quotation marks and citations omitted); see also Boykin v. Alabama, 395 U.S. 238 (1969). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual

findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Boykin). In considering a habeas petition, or after the judgment of conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, only those ineffective assistance claims that would render a petitioner's plea involuntary would remain after a guilty plea. Significantly, the habeas corpus statute provides that the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, the record simply does not support Petitioner's claim that attorney Brecht provided ineffective assistance of counsel that resulted in an involuntary plea. Nothing in the record suggests that Brecht misadvised Petitioner with regard to the sentencing range she faced if she proceeded to trial. In addition, Petitioner fails to demonstrate that she had reached a sentencing agreement with the State other than that reflected by the "Plea of Guilty Summary of Facts" form, signed and executed by her. On page 3 of the Plea of Guilty Summary of Facts form, question 23 asks "[i]s there a plea agreement," and "[w]hat is your understanding of the plea agreement?" See Dkt. # 5-4 at 3. The handwritten sentencing recommendation appears in the space provided on the form, and reads as follows: "Ct 1 5 yrs DOC," plus a fine and various fees, and "Ct 2 1 yr TCJ," plus a fine and fees, "c/c Ct 1" with credit for time served "to include time spent in Fed. custody." Id. Another notation reads "State strikes 2nd page." Id. In addition, a second notation appears to read "also c/c with Fed. case" – however, that notation has been crossed out and replaced with "c/s to Fed. case." Significantly, nothing on the form suggests that the crossed out sentencing recommendation was

written prior to Petitioner's January 19, 2012, sentencing. Petitioner does not claim that she ever told the sentencing judge that she had been promised that her state sentence would be served concurrently with her federal sentence.

Furthermore, there is no credible evidence presented in this record supporting Foos's claims that attorney Brecht coerced or intimidated her into entering guilty pleas and that she would not have entered her guilty pleas but for the alleged promise that the state sentence would be served concurrently with her federal sentence. Instead, the record refutes Petitioner's claim that her plea was "coerced." At the time Petitioner's guilty plea was accepted by the trial court, Petitioner had signed, under oath, a document entitled "Plea of Guilty Summary of Facts" reflecting the counseled and voluntary entry of a plea of guilty (Dkt. # 5-4).[3] In completing the document, Petitioner responded "Yes" when asked, "Can you read and understand this form?" See Dkt. # 5-4, ¶ 5. She circled "Yes" in response to the question, "Do you understand the nature and consequences of this proceeding?" See id., ¶ 9. Petitioner swore under oath that she understood the form's contents and agreed with the answers provided. See id., ¶ 32. Furthermore, in providing the factual basis for her plea of guilty, Petitioner stated "on or about 1-19-2011 in Tulsa County, I possessed heroin and syringes and a spoon, items used by drug abusers." Id., ¶ 28. Based on Petitioner's averments, the state district judge made factual determinations that Petitioner understood the nature, purpose and consequences of the proceeding, that her plea of guilty was knowingly and voluntarily entered, and that a factual basis for the plea existed. Id., ¶ 36(B), (C), and (E). As discussed above, those

---

3 Reliance upon a form reflecting questions and answers is sufficient to establish whether the entry of a plea of guilty is knowing and voluntary. Hoffman v. Young, 23 F. App'x 885, 887 (10th Cir. 2001) (unpublished opinion cited for its persuasive value pursuant to Fed. R. App. P. 32.1; 10th Cir. R. 32.1).

findings of fact are presumed correct unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has failed to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's findings of fact. Id.

Lastly, the Court finds no merit to Petitioner's claim that attorney Brecht "abandoned" her after entry of her guilty pleas on March 15, 2011. While it is clear that attorney Brecht no longer worked for the Tulsa County Public Defender in January 2012 when Petitioner returned to state court for further proceedings on her plea of guilty, the Office of the Tulsa County Public Defender had not "abandoned" Petitioner and had assigned another attorney to represent Petitioner. Petitioner had representation on January 19, 2012, when the state district judge accepted her guilty plea and formally sentenced Petitioner. Petitioner's claim that attorney Brecht "abandoned" her lacks merit.

In summary, Petitioner fails to satisfy the deficient performance prong of the Strickland standard as to attorney Brecht and she has failed to demonstrate that the OCCA's adjudication of her claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, as required to satisfy the 28 U.S.C. § 2254(d) standard. For those reasons, the Court concludes that Petitioner is not entitled to habeas corpus relief on her claim of ineffective assistance of counsel.

**C. Procedural bar**

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to

consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724; see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied to "similar" claims evenhandedly "in the vast majority of cases." Id. at 986 (internal quotation omitted).

Petitioner first presented her claims raised in Grounds 2 and 3 to the OCCA in her post-conviction appeal from the state district court's denial of her application for post-conviction relief.[4] However, the OCCA cited state law and found that "[a] claim which could have been raised on direct appeal, but was not, is waived." (Dkt. # 5-3 at 3-4 (citations omitted)). The OCCA further found that:

> Initially we note that Foos fails to provide this Court with sufficient reason for failing to seek to withdraw her pleas or otherwise appeal her convictions. In fact, Foos admits that she did not withdraw her pleas, nor does she wish to. She admits that she seeks only sentence modification to reflect that her state sentences are to run concurrently with her federal sentences.

(Dkt. # 5-3 at 4).

---

[4] The procedural posture of this case differs dramatically from that present in Santobello v. New York, 404 U.S. 257 (1971), a case relied on by Petitioner. The defendant in Santobello objected to the sentencing departure from that reached in his plea agreement. He perfected a direct appeal to the New York courts. When he was unsuccessful, he petitioned the United States Supreme Court for certiorari review. The Supreme Court granted certiorari, determined that the state had breached the plea agreement, and remanded the case to the state courts to determine the remedy. Here, in contrast, Petitioner waived her claims when she failed to file a motion to withdraw her guilty plea after being sentenced to serve her state sentence consecutive to her federal sentence, and by failing to perfect a certiorari appeal to the OCCA. As a result, when she sought relief by filing an application for post-conviction relief, she had waived her claims resulting in the imposition of a procedural bar.

Applying the principles of procedural bar to these facts, the Court concludes that Grounds 2 and 3 are procedurally barred from this Court's review. The state court's procedural bar, as applied to these claims, was an independent ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). The OCCA based its decision solely upon Oklahoma rules and case law, including Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1089. In addition, the procedural bar was based on an adequate state ground. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding a petitioner's failure to raise a claim in a prior application, as required by Okla. Stat. tit. 22, § 1086, "is an independent and adequate state ground for denying habeas relief"). Therefore, the OCCA's procedural bar is independent and adequate to preclude federal review.

Habeas review of Grounds 2 and 3 is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. See id.

As cause for the default of Grounds 2 and 3 in state court, Petitioner alleges that by the time she was formally sentenced on January 19, 2012, it was too late to move to withdraw her plea of guilty, which had been entered on March 15, 2011. See Dkt. # 1 at 8. However, Petitioner's argument is based on a misunderstanding of state law. In order to file a certiorari appeal from her

plea of guilty, Petitioner was required to file a motion to withdraw her guilty plea "within ten (10) days from the date of the pronouncement of the Judgment and Sentence." See Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*. That means Petitioner had to file her motion to withdraw plea within ten (10) days of January 19, 2012. Petitioner states that she was not returned to federal custody following her sentencing on her state convictions until February 28, 2012. See Dkt. # 6 at 12. Thus, she remained in custody at the Tulsa County Jail during the ten (10) day period for filing a motion to withdraw plea. Other than her erroneous belief that her deadline for filing a motion to withdraw her plea had already passed, she offers no other explanation for her failure to file a motion to withdraw her guilty plea within ten (10) days of January 19, 2012. The Court finds that Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations where the State has convicted the wrong person of the crime.... [Or where] it is evident that the law has made a mistake." Klein v. Neal, 45

F.3d 1395, 1400 (10th Cir. 1995) (internal quotation marks and citation omitted). Petitioner claims that, despite her guilty plea, she is innocent of the crime for which she was convicted in Count 1, Unlawful Possession of a Controlled Drug. However, she fails to provide any new evidence in support of that claim. Therefore, she does not fall within the fundamental miscarriage of justice exception.

Accordingly, because Petitioner has not demonstrated "cause" or that a "fundamental miscarriage of justice" will result if her claims raised in Grounds 2 and 3 claim are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's Grounds 2 and 3. Coleman, 510 U.S. at 724. Habeas corpus relief on Grounds 2 and 3 shall be denied.

**D. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the **substitution** of Debbie Aldridge, Warden, as party respondent in place of Julie A. Nicklin, Warden. The Attorney General of the State of Oklahoma is **dismissed**.
2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
3. A certificate of appealability is **denied**.
4. A separate Judgment shall be entered in this case.

**DATED** this 25th day of July, 2016.

Terence Kern

**TERENCE KERN**
**United States District Judge**